# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MIGUEL SANTANA-LOPEZ,

      **Plaintiff,**

      v.                                                                                                 Case No. 03-C-976

DR. JUAN, DR. REYES, DR. FIORE,
TOM HABERSTEIN, RANDY MILLER,
DR. PANKE, DR. RAJTORA, DR. SLUSS,
DR. SORRELLS, and DR. KRIEGER,

      **Defendants.**

## DECISION AND ORDER
_____

The plaintiff, Miguel Santana-Lopez, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 16, 2003, United States District Court Judge Rudolph T. Randa granted the plaintiff's motion to proceed *in forma pauperis* on claims that the defendants violated his rights under the Eighth Amendment when they were deliberately indifferent to his serious medical need. The plaintiff has filed a motion to appoint counsel, and the defendants have filed two motions to dismiss. All motions will be addressed herein.

**1. Plaintiff's Motion to Appoint Counsel**

On July 11, 2005, the plaintiff filed a motion to appoint counsel. The defendants submit that the plaintiff is not entitled to court appointed counsel because he has not given any indication that he has unsuccessfully attempted to retain an attorney by himself, and that even if

he had made such a showing, appointing him counsel is unnecessary because he is proceeding on issues that are not legally complex.

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (*citing Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* (*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Contrary to the defendant's assertion, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. (Pl.'s Amended Aff. in Support for Appointment of Counsel at Exs. 1-5). However, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case.

The plaintiff submits that he has little access to Spanish translation of legal books, and no translator in the institution to help with interpretation. (Pl.'s Motion at 1 ¶ 3). However, the court does not equate the plaintiff's lack of proficiency in English with an inability to litigate this case by himself. Moreover, the pleadings he has submitted have been competently translated

2

to an extent which suggests that he has adequate access to legal materials and translation services. In addition, where a plaintiff is proceeding *pro se*, the court has a special responsibility to construe his pleadings liberally. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). The court will continue to consistently evaluate the plaintiff's pleadings with this notion in mind. Accordingly, the plaintiff's motion for appointment of counsel shall be denied.

**2. Defendants Reyes, Fiore, Haberstein and Miller**

On August 31, 2005, defendants Reyes, Fiore, Haberstein, and Miller filed a motion to dismiss for lack of diligence pursuant to Civil L. R. 41 and Fed. R. Civ. P. 37. In support of their motion, they assert that the plaintiff has failed to authorize disclosure of his medical records.

Federal Rule of Civil Procedure 37(b) authorizes the court in which an action is pending to impose sanctions against a party who fails to obey a court order regarding discovery. Fed. R. Civ. P. 37(b). In this case, the court has not issued a discovery order with which the plaintiff has failed to comply. Thus, the defendants' motion for Rule 37 sanctions must be denied.

**3. Defendants Panke, Rajtora, Sluss and Sorrells**

On May 18, 2005, defendants Panke, Rajtora, Sluss, and Sorrells filed a motion to dismiss for failure to state a claim under Civil L.R. 56 and Fed. R. Civ. P. 12(b)(6). They allege that the plaintiff's claims against them are time-barred.

Briefing schedules are set forth in Civil Local Rule 7.1 (E.D. Wis.). Parties are expected to comply with the procedures and dates specified in the rule without involvement of the court. Pursuant to Civil L. R. 7.1, the opposing party must respond to a motion to dismiss

3

within 21 days of service of the motion. Civil L. R. 7.1(b). For his part, the plaintiff has not yet filed a response. The court will allow the plaintiff to file a response to such motion on or before November 14, 2005. The plaintiff is hereby advised that, if he fails to file any response to the defendants' motion by November 14, 2005, his action will be dismissed with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for appointment of counsel (Docket # 54) is **denied.**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket # 63) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendants' motion to dismiss (Docket # 36) on or before **November 14, 2005.** The plaintiff is advised that his failure to comply with this order may result in dismissal of this action pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b)., copies of which accompany this order.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

4

**Civil L.R. 41.3**

**Dismissal for Lack of Diligence.**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b)**

**Involuntary Dismissal: Effect Thereof.**

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.