**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MIGUEL SANTANA-LOPEZ,**

       **Plaintiff,**

       v.                                                                 **Case No. 03-C-976**

**DR. JUAN, DR. REYES, DR. FIORE,**
**TOM HABERSTEIN, RANDY MILLER,**
**DR. PANKE, DR. RAJTORA, DR. SLUSS,**
**DR. SORRELLS, and DR. KRIEGER,**

       **Defendants.**

---

## DECISION AND ORDER
_____

The plaintiff, Miguel Santana-Lopez, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 16, 2003, the plaintiff was permitted to proceed *in forma pauperis* on claims that the defendants violated his rights under the Eighth Amendment when they were deliberately indifferent to his serious medical need. Currently pending are: (1) the plaintiff's motion for reconsideration; (2) the plaintiff's motion for order; (3) the defendants' motion to compel; and (4) the defendants' motion for summary judgment.

**1.    Plaintiff's Motion for Reconsideration**

The plaintiff has moved for reconsideration of this court's October 7, 2005, order denying his motion to appoint counsel. A motion for reconsideration serves a very

limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In this case, the plaintiff's motion for reconsideration was prepared and signed by Randy Bohardt, a fellow inmate at Oshkosh Correctional Institution, because the plaintiff speaks limited English. Inmate Borhardt is not a named party in this action. While there is no rule prohibiting inmate Borhardt from assisting the plaintiff, Federal Rule of Civil Procedure 11(a) provides that every pleading must be signed by the party. Because of the plaintiff's failure to comply with the Federal Rules, the court cannot consider his motion for reconsideration at this time. However, the plaintiff may re-file his request if he can cure the deficiencies in his motion by signing it pursuant to Fed.R.Civ.P. 11(a).

2

**2.     Plaintiff's Motion for Order**

The plaintiff has filed a motion requesting the current addresses of the defendants. Specifically, the plaintiff seeks the addresses of defendants Dr. Rajtora, Dr. W. Krieger, Dr. Sorrells, Dr. Fiore, and Sgt. Randy Miller because the interrogatories he sent to their work addresses were returned. Federal Rule of Civil Procedure 5(b) provides that service is ordinarily made on each party's attorney, and not on the party directly. To this extent, Terri L. Weber, counsel for defendants Sorrells, Rajtora, Pannke and Sluss, has advised the court that all mail should be directed to the law firm of Nash, Spindler, Grimstad & McCracken, L.L.P. Thus, the plaintiff is hereby advised that he should send his interrogatories to the defendants' respective attorneys. A copy of the docket sheet showing the addresses for the defendants' attorneys is enclosed.

The plaintiff has also asked the court to provide him with the correct spelling of defendant Dr. Krieger's name. The court does not possess this information. Although the court will assist the plaintiff in identifying the spelling of the defendant's name, *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)("[t]o the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."), the plaintiff has not indicated that he has made any effort to obtain the correct spelling of Dr. Krieger's name on his own. The plaintiff should first attempt to obtain information about Dr. Krieger's identity without assistance from the court. If his efforts prove to be unsuccessful, the plaintiff should notify

3

the court and provide specific information about how he has attempted to discover the correct spelling of Dr. Krieger's name. The court expects that, if asked, the defendants will also assist the plaintiff to the extent they possess any relevant information. Accordingly, the plaintiff's motion for order will be denied.

**3.     Defendants' Motion to Compel and Motion for Summary Judgment**

On April 26, 2006, the defendants filed a motion to compel discovery. The plaintiff's response to this motion was due on or before May 17, 2006. Furthermore, on June 9, 2006, the defendants filed a motion for summary judgment  The plaintiff's response to that motion was due on or before July 9, 2006.  As of today, the plaintiff has not filed a response to either motion. The court will allow the plaintiff to file his response to such motions on or before August 21, 2006. The plaintiff is hereby advised that, if he fails to file any response to the defendants' motions by August 21, 2006, this action may be dismissed for lack of prosecution, with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b), copies of which are enclosed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Doc. # 92) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Doc. #94) is **denied.**

**IT IS ALSO ORDERED** that the plaintiff has until **August 21, 2006**, in which to file a response to the defendants' motion to compel and motion for summary judgment.

4

If he fails to file any response to the defendants' summary judgment motion by **August 21, 2006,** this action may be dismissed for lack of prosecution.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**

**Civil L.R. 41.3**

**Dismissal for Lack of Diligence.**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b)**

**Involuntary Dismissal: Effect Thereof.**

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.