# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MIGUEL SANTANA LOPEZ,**

        **Plaintiff,**

        **-vs-**          Case No.   03-C-976

**DR JUAN, DR. REYES,
DR. FIORE, CO TOM HABERSTEIN,
SGT. RANDY MILLER, DR. PANKE,
DR. RAJTORA, DR. SLUSS,
DR. SORRELLS, and
DR. W. KRIEGER,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff Miguel Santana Lopez, a state prisoner at all times relevant, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the following applications: (1) the plaintiff's motion for reconsideration; (2) the plaintiff's motion to appoint counsel; (3) the plaintiff's motion for order; (4) the plaintiff's motion to dismiss; (5) a motion for extension of time filed by defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller; and (6) a motion to compel filed by defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller.

**1. Plaintiff's Motions for Reconsideration and Appointment of Counsel**

By motion of July 24, 2006, the plaintiff seeks reconsideration of the court's July 14, 2006, order denying his motion for reconsideration and asks that counsel be appointed to represent him in this action. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In the present case, the plaintiff's motion for reconsideration was denied because it was not signed by the plaintiff as required under Fed.R.Civ.P. 11(a). (*See* Order of July 14, 2006, at 2). The plaintiff has not cured the deficiencies in his motion. Further, he has not presented newly discovered evidence or shown that the July 14, 2006, order contained a manifest error of law. Thus, the plaintiff's motion for reconsideration of will be denied.

With respect to his motion to appoint counsel, the plaintiff asserts that: (1) he is indigent; (2) he relies on another inmate for legal assistance; (3) the legal issues in this case are complex; and (4) expert testimony is necessary to prove the elements of his claim. (Pl.'s Mot. to Appoint at 1-2; Pl.'s July 31, 2006, Mot. for Order at 1). As noted in this court's order of October 7, 2005, indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id.* at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

Here, the plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has submitted correspondence from several law firms that have declined to represent him in this matter. (*See* Pl.s' Amend. Aff. of Feb. 3, 2005). The court's inquiry, however, does not end here. Once the plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the

3

presence of counsel likely make a difference in the outcome of the case. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

The issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff is proceeding on one narrow claim that defendants denied him medical care. And, contrary to the plaintiff's assertions, it is not clear at this point that expert testimony is necessary. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Thus, the plaintiff's motion to appoint counsel will be denied.

**2.     Plaintiff's Motion for Order**

The plaintiff has filed a motion asking the court to address his July 24, 2006, motion for appointment of counsel. As discussed herein, the plaintiff's motion to appoint counsel has been denied. Hence, the plaintiff's motion for order will be denied as moot.

**3.     Plaintiff's Motion to Dismiss**

The plaintiff has moved to voluntarily dismiss this action without prejudice. Defendants Dr. Sorrells, Dr. Rajtora, Dr. Panke and Dr. Sluss object to dismissal without prejudice on grounds that they have invested considerable time and expense in defending this action.

Rule 41(a)(2) provides, in pertinent part, " [e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of court and upon such terms and conditions as the court deems proper...."

4

The dismissal of an action without prejudice under Rule 41(a)(2) lies within the sound discretion of the court. *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). However, an action should not be dismissed without prejudice where the defendant will suffer "plain legal prejudice" as a result of dismissal of the plaintiff's action. *Id.* The Court of Appeals for the Seventh Circuit has held that plain legal prejudice depends upon a variety of factors, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Federal Deposit Ins. Corp. v Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992)(quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

A review of the docket reveals that this action has been pending for more than three years. During this time, counsel for defendants Dr. Sorrells, Dr. Rajtora, Dr. Panke and Dr. Sluss have engaged in extensive motion practice, conducted discovery and filed lengthy briefs. Additionally, Dr. Sorrells, Dr. Rajtora, Dr. Panke and Dr. Sluss have filed a motion to compel and a motion for summary judgment, to which the plaintiff has failed to file a response. For these reasons, the plaintiff's motion to voluntarily dismiss this action with respect to defendants Dr. Sorrells, Dr. Rajtora, Dr. Panke and Dr. Sluss will be denied.

On the other hand, defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller do not oppose the plaintiff's request. Therefore, the plaintiff's motion for dismissal without

5

prejudice will be granted as to these defendants. Hence, defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller are dismissed from this action.

## 4. Motion for Extension of Time and Motion to Compel filed by defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller

On April 26, 2006, defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller filed a motion to compel. Then, on July 26, 2006, defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller filed a motion for an extension of time until September 25, 2006, in which to file a motion for summary judgment. As discussed herein, defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller have been dismissed. Further, it appears that the plaintiff has responded to the discovery request propounded upon him by these defendants. (*See* D.'s Mot. for Extension of Time at 1). Thus, the motion to compel and motion for extension of time filed by defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller will be denied as moot.

As a final matter, there is currently pending the motion for summary judgment filed by defendants Dr. Sorrells, Dr. Rajtora, Dr. Panke and Dr. Sluss. Under applicable rules, the plaintiff's response to such motion was due on or before July 9, 2006. By order of July, 14, 2006, the plaintiff was given an extension of time until September 21, 2006, in which to file his response. To date, no response has been filed.

Upon due consideration, the plaintiff will be given an extension of time in which to file his response to the defendants' motion for summary judgment. The court will allow the plaintiff to file a response to such motion on or before **January 31, 2006.** The plaintiff is hereby advised that if he fails to file any response to the defendants' motion on

6

or before **January 31, 2006**, this action will be dismissed, with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Doc. # 98) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Doc. # 98) is **denied.**

**IT IS ORDERED** that the plaintiff's motion for order (Doc. # 103) is **denied as moot.**

**IT IS ORDERED** that the plaintiff's motion to dismiss (Doc. # 106) is **granted in part and denied in part.**

**IT IS ORDERED** that defendants Dr. Reyes, Dr. Fiore, Haberstein and Miller are **dismissed.**

**IT IS ORDERED** that the motion for extension of time filed by defendants Dr. Reyes, Fiore, Haberstein and Miller (Doc. # 100) is **denied as moot.**

**IT IS ORDERED** that the motion to compel filed by defendants Dr. Reyes, Fiore, Haberstein and Miller (Doc. # 78) is **denied as moot.**

Dated at Milwaukee, Wisconsin, this 9th day of January, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

7