# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MIGUEL SANTANA-LOPEZ,**

        Plaintiff,

        -vs-        Case No. 03-C-0976

**DR. JUAN, DR. PANNKE, DR. RAJTORA,
DR. SLUSS and DR. SORRELLS,**

        Defendants.

## DECISION AND ORDER

In October 2003, Miguel Santana-Lopez, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. After extensive discovery and motion practice, the Court issued an Order in March 2007 which granted summary judgment in favor of all of the remaining defendants save one – "Dr. Juan." (March 6, 2007 Decision and Order, Docket No. 119). This is because Dr. Juan was never properly identified and served as a defendant in this action. Accordingly, in an effort to bring finality to this litigation, the Court directed the U.S. Marshal Service to provide Dr. Juan's complete identity and address. Subsequently, the other defendants (aside from Dr. Juan) moved for entry of judgment.

When a *pro se* plaintiff states a colorable claim but is unable to identify the proper defendants due to his incarceration, the Court should assist him in identifying the proper parties. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Over

the course of this litigation, the Court assisted Santana-Lopez in this endeavor every step of the way. Way back in April 2005, the Marshal Service attempted to effect service on Dr. Juan. The docket entry reflects that Dr. Juan suffered a stroke a few years prior to the attempted service. Therefore, Dr. Juan no longer worked at the location provided by Santana-Lopez, and there was no forwarding address. (Docket No. 42; Docket No. 119, pp. 6-7). Subsequent efforts by the Marshal Service, pursuant to the Court's March 2007 Order, were similarly unsuccessful.

In the interests of finality, the Court must conclude that this action can go no further. The Court attempted and failed to ascertain the identity and location of Dr. Juan. Over the course of this litigation – now four years old – Santana-Lopez gave minimal indication that he was attempting to locate or identify Dr. Juan. While the Court recognizes its duty to assist Santana-Lopez in this regard, that duty has been discharged. "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 124 S. Ct. 2241, 2246 (2004). Further, the true identity and location of Dr. Juan was not discovered even after this matter went through significant discovery and motion practice. *See Donald*, 95 F.3d at 556 (7th Cir. 1996) (court can assist plaintiff by "allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible"). Therefore, Santana-Lopez's claims against

-2-

Case 2:03-cv-00976-RTR   Filed 09/11/07   Page 2 of 5   Document 134

Dr. Juan will be dismissed without prejudice for failure to effect service. *See* Fed. R. Civ. P. 4(m).[1]

In this light, the defendants' motion for entry of judgment is easily dealt with. To this point, the Court refrained from entering judgment because of the remaining claims against Dr. Juan. *See* Fed. R. Civ. P. 54(b); *Doe v. City of Chicago*, 360 F.3d 667, 673 (7th Cir. 2004) (noting the "general inadvisability" of entering a partial final judgment). Those concerns are alleviated by the Court's conclusion that the claims against Dr. Juan must be dismissed. Judgment will be entered accordingly.

What remains are three motions filed by Santana-Lopez. First, Santana-Lopez moved to reconsider the Court's decision that dismissed his claims against Daniel Bertrand. (Docket No. 4). Santana-Lopez offers no basis to reconsider this ruling. Santana-Lopez also argues that the Court should have held a hearing pursuant to Fed. R. Civ. P. 23(e)(1)(c) before it dismissed defendants Randy Miller and Metudio Reyes. Obviously, Rule 23 only applies to class actions. Moreover, defendants Miller and Reyes were dismissed pursuant to plaintiff's own request for voluntary dismissal. (Docket Nos. 106, 114).

Second, Santana-Lopez moved to amend the complaint. However, Santana-Lopez did not include a copy of a proposed amended complaint as required by Civil Local Rule 15.1 (E.D. Wis)("Any party submitting a motion to amend must attach to the motion the original

---

[1] Rule 4(m) provides that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or *on its own initiative after notice to the plaintiff*, shall dismiss the action without prejudice as to that defendant . . ." Given the procedural posture of this case, it is not necessary to give further notice before dismissing the claims against Dr. Juan. By virtue of the Court's various orders in this case, Santana-Lopez had constructive notice that the Court needed to effect service on Dr. Juan.

-3-

of the proposed amended pleading."). In any event, the Court is not inclined to allow amended pleadings at such a late stage in the litigation.

Third, Santana-Lopez moved for an extension of time to file a notice of appeal. This motion likely arises from the confusion over whether the Court entered final judgment on any of his claims. Santana-Lopez has the allowable time to pursue an appeal from the date that final judgment is entered, as directed by this Order. Therefore, Santana-Lopez's motion will be denied without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Santana-Lopez's claims against "Dr. Juan" are **DISMISSED** without prejudice. The Clerk of Court is directed to enter final judgment in this matter accordingly;

2. The defendants' motion for judgment [Docket No. 120] is **DENIED** as moot; and

3. Santana-Lopez's motion for relief from judgment [Docket No. 124] is **DENIED**;

4. Santana-Lopez's motion for leave to amend the complaint [Docket No. 125] is **DENIED**; and

5. Santana-Lopez's motion for an extension of time to file a notice of appeal [Docket No. 131] is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**